| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

**VINCENT WEBBE,**

                **Plaintiff,**           2006-CV-0027

    v.

**FLBN, LLC,**

                **Defendant.**

**TO:**    Vincent A. Colianni, II, Esq.
         Eugenio W.A. Geigel-Simounet, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERTS

THIS MATTER came before the Court upon Plaintiff's Motion to Exclude Defendant's Experts (Docket No. 27). Defendant filed an opposition. No reply was filed, and the time for filing a reply has expired.

Plaintiff moves to preclude Defendant from offering any expert testimony at trial, based on the fact that Defendant did not produce one expert report in accordance with the court-ordered deadline of March 15, 2007, set by the Court's Third Amended Scheduling Order (Docket No. 21). This case is similar to that of *Upchurch v. Hester*, No. 05-252 JJF, Slip Copy, 2006 WL 3020772 (D. Del. Oct. 23, 2006).

*Webbe v. FLBN, LLC*
2006-CV-0027
Order Denying Plaintiff's Motion to Exclude Defendant's Experts
Page 2

In *Upchurch*, the plaintiffs failed to disclose an expert and submit the corresponding expert report before the court-ordered deadline. The *Upchurch* deadline required disclosure of experts and expert reports by April 20, 2006, but the plaintiffs did not identify the expert until October 11, 2006. At the time of the *Upchurch* order, six months after the deadline, plaintiffs had not yet produced the expert report. Although the expert report was submitted nearly six months after the deadline, the *Upchurch* court determined that the untimeliness of the identification of the expert and the submission of the expert report was not sufficient to preclude the plaintiffs from offering the corresponding expert testimony at trial. The court in *Upchurch* cited to the defendants' prior awareness of the identity of the plaintiffs' expert and the fact of disclosure before the upcoming pretrial conference and held the plaintiffs' untimely disclosure to be harmless.

In this case, Plaintiff submitted to a medical examination by Defendant's expert, and therefore, must have been aware of the identity of Defendant's expert. Despite having submitted the expert report after the court-ordered deadline, Defendant provided such expert report before the final pretrial conference. Therefore, the Court determines Defendant's untimely submission of its expert report to be harmless.

Furthermore, the Court considers the factors outlined in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977), *overruled on other grounds, Goodman v.*

*Webbe v. FLBN, LLC*
2006-CV-0027
Order Denying Plaintiff's Motion to Exclude Defendant's Experts
Page 3

*Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1977), *aff'd,* 482 U.S. 656 (1987) to analyze motions to exclude.  The four *Meyers* factors are:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers*, 559 F.2d at 904-05.

As Plaintiff's motion and Defendant's production came far in advance of trial, Plaintiff should not be surprised by the Defendant's untimeliness.  As such, Plaintiff should be able to cure any prejudice which might have resulted.  Similarly, the untimely but far-in-advance-of-trial production would not disrupt the orderly and efficient trial of the case.  Finally, Defendant has not shown good cause for its untimeliness, but the *Meyers* factor to consider is bad faith, which Defendant has forsworn.

Accordingly, it is now hereby **ORDERED** Plaintiff's Motion to Exclude Defendant's Experts (Docket No. 27) is **DENIED**.

ENTER:

Dated: July 6, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE